UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELIA PIERCE,

    Plaintiff,

v.                                              Case No. 8:18-cv-1681-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of her claim for Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for SSI (Tr. 242-50). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 146-70, 174-84). Plaintiff then requested an administrative hearing (Tr. 185-87). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 52-97). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 25-48). Subsequently, Plaintiff requested review from the Appeals Council, which

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1968, claimed disability beginning June 28, 2012, which Plaintiff later amended to an alleged onset date of August 18, 2014 (Tr. 55-56, 242). Plaintiff obtained a high school education (Tr. 276). Plaintiff did not have any past relevant work (Tr. 40, 91). Plaintiff alleged disability due to post-traumatic stress disorder, depression, anxiety, arthritis, and concentration problems (Tr. 275).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since August 18, 2014, the application date (Tr. 30). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: asthma, osteoarthritis, post-traumatic stress disorder, depression, and anxiety disorder (Tr. 30). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 31). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, except that Plaintiff could stand and walk, with normal breaks, for four hours in an eight-hour workday; sit, with normal breaks, for four hours in an eight-hour workday; must change her position approximately every hour; could bend and stoop occasionally; could climb ramps and stairs occasionally; could never climb ladders, ropes, or scaffolds; was unable to work around smoke, fumes, dust, or noxious odors; was limited to simple, routine, repetitive tasks, with no assembly-line type of production quotas; could have only occasional contact with supervisors and coworkers; and could have no contact with the general public (Tr. 33). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's

subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 34).

The ALJ determined that Plaintiff had no past relevant work (Tr. 40). Given Plaintiff's background and RFC, the vocational expert ("VE") testified that Plaintiff could perform jobs existing in significant numbers in the national economy, such as a mail sorter, office helper, and photocopy operator (Tr. 41, 92-93). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 42).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful

activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct

legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*).

### III.

Plaintiff argues that the ALJ erred by finding that Plaintiff could perform other work in the national economy and in relying on the VE's testimony regarding the number of jobs available for the jobs identified. For the following reasons, the ALJ applied the correct legal standards, and the decision is supported by substantial evidence.

**A.  VE Testimony**

At step five, the Commissioner must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can make an adjustment to other work. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239. Conversely, if the claimant cannot make an adjustment to other work, a finding of disabled is warranted. *Id.* At this step, the burden temporarily shifts to the Commissioner to show other jobs exist in significant numbers in the national economy which, given the claimant's impairments, the claimant can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (citations omitted); *see Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995); 20 C.F.R. § 416.920(a)(4)(v) "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson*, 284 F.3d at 1227 (citation omitted). There are two avenues by which an ALJ may determine a claimant's ability to adjust to other work in the national economy; namely, by applying the Medical Vocational Guidelines ("grids") and by using a VE. *Phillips*, 357 F.3d at 1239-40. Typically, where the claimant cannot perform a full range of work at a given level of exertion or where the claimant

has non-exertional impairments that significantly limit basic work skills, the ALJ must consult a VE. *Id.* at 1243.

As noted, in this instance, the ALJ utilized the testimony of a VE to determine whether other jobs existed in the national economy that Plaintiff could perform (Tr. 91-95). To that end, the VE testified that Plaintiff could perform the following jobs: (1) mail sorter, with 142,000 jobs nationally; (2) office helper, with 491,000 jobs nationally; and (3) photocopy or scanner operator, with 197,000 jobs nationally (Tr. 41, 91-93). With respect to such other jobs, Plaintiff first contends that the ALJ improperly determined that Plaintiff could perform the job of mail sorter, with a reasoning level of 3, given the RFC limitation for performing only simple, routine, repetitive tasks. Plaintiff additionally argues that the job of office helper conflicts with the RFC limitation for only occasional contact with supervisors and coworkers and no contact with the general public. Lastly, Plaintiff contends that the job of photocopy operator or scanner operator conflicts with the Dictionary of Occupational Titles ("DOT") because the DOT does not include a scanner operator position. Given the alleged conflicts, Plaintiff contends that the ALJ erred by failing to ask the VE about such conflicts or to resolve such conflicts.

Recently, in *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353 (11th Cir. 2018), the Eleventh Circuit discussed the ALJ's duty under Social Security Ruling 00-4p ("SSR 00-4p"), 2000 WL 1898704 (Dec. 4, 2000), to resolve conflicts between the DOT and VE evidence. In doing so, the Eleventh Circuit indicated:

> After careful review, we conclude that, pursuant to the terms of the Ruling, and in light of the overall regulatory scheme that governs disability claims, the ALJs within the SSA have an affirmative duty to identify apparent conflicts between the testimony of a Vocational Expert and the DOT and resolve them. This duty requires more of the ALJ than simply asking the VE whether his testimony is consistent with the DOT. Once the conflict has been identified, the Ruling requires the ALJ to offer a reasonable explanation for the discrepancy, and detail in his decision how he has resolved the conflict. The failure to discharge this duty means that the ALJ's decision, when based on the contradicted VE testimony, is not supported by substantial evidence.

*Washington*, 906 F.3d at 1356. An "apparent conflict" means a conflict "reasonably ascertainable or evident from a review of the DOT and the VE's testimony." *Id.* at 1365. "At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.*

With respect to the office helper job, no apparent conflict existed. As the Commissioner notes, the DOT listing for the office helper position indicates that speaking and signaling are not significant to the job and that talking and hearing are only required occasionally. U.S. Dep't of Labor, DOT (4th ed. 1991) § 239.567-010. Such requirements comport with the RFC limitation for only occasional contact with supervisors and coworkers and no contact with the general public (Tr. 33). Furthermore, although the general description of the office helper position indicates that the position may require delivery to other business establishments or other departments of an establishment, nothing in the DOT description indicates that any contact would occur more than occasionally or that the position would require contact with the general public. *See* U.S. Dep't of Labor, DOT (4th ed., rev. 1991) § 239.567-010. Accordingly, the ALJ did not need to resolve any conflicts as no apparent conflict existed between the VE's testimony regarding the office helper position and the DOT.

As to the photocopy or scanner operator position, the VE addressed and explained the conflict between her testimony and the DOT (Tr. 92-93). When asked by the ALJ whether her testimony was consistent with the DOT, the VE indicated that the only variation involved the DOT's lack of hybrid positions or sit/stand options (Tr. 93). To address that conflict, the VE indicated that her testimony was based on the body of rehabilitation research and studies, the Department of Labor publications, and her 33 years of experience doing direct job placement and as an occupational analyst in the field (Tr. 93). In the decision, the ALJ specifically

7

highlighted the conflict and explained his reliance upon the VE's testimony given the bases she provided during the administrative hearing. As the Commissioner contends, the ALJ may rely upon a VE's knowledge or expertise. *Bryant v. Comm'r of Soc. Sec.*, 451 F. App'x 838, 839 (11th Cir. 2012); *see* 20 C.F.R. § 416.960(b)(2). In doing so, therefore, the ALJ did not err.

Finally, with regard to the mail sorter position, the Court need not determine whether any conflict exists between the job of mail sorter, with a reasoning level of 3, and the RFC limitation for performing only simple, routine, repetitive tasks. As Plaintiff asserts, the Eleventh Circuit has not spoken definitively on the issue. Here, given the ALJ's finding that Plaintiff could perform the jobs of office helper, with 491,000 jobs nationally, and photocopy or scanner operator, with 197,000 jobs nationally, for a total of 688,000 jobs available nationally, the ALJ met his burden at step five (Tr. 41, 91-93). *See* 20 C.F.R. § 416.966; *see also Teague v. Comm'r of Soc. Sec.*, 743 F. App'x 410, 412 (11th Cir. 2018) (noting that the Eleventh Circuit previously "upheld a finding that 174 small appliance repairment positions in the area in which the claimant resided, 1,600 general appliance repair jobs in Georgia, and 80,000 jobs nationwide established the existence of work in significant numbers.") (citing *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 934-35 (11th Cir. 2015) (finding that a VE's testimony that 440 jobs in the state and 23,800 jobs nationally constituted work existing in significant numbers in the national economy and provided substantial evidence for a finding that the plaintiff was not disabled). Accordingly, as the Commissioner argues, this Court need not address the issue regarding whether a conflict exists between a job requiring a reasoning level of 3 and a limitation for performing only simple, routine, repetitive tasks, as the ALJ provided a significant number of jobs in the national economy that Plaintiff could perform. *See Bishop v. Berryhill*, Case No. 2:17-cv-620-FtM-DNF, 2019 WL 851415, at *4 (M.D. Fla. Feb. 22, 2019).

Based on the foregoing, the ALJ properly determined that Plaintiff could perform other work which existed in significant numbers in the national economy. In doing so, the ALJ properly relied on the VE's testimony and correctly resolved conflicts between the VE's testimony and the DOT. The ALJ thus applied the proper legal standards, and his decision is supported by substantial evidence.

### B. Number of Jobs

Plaintiff next asserts that the ALJ erred by relying on the VE's testimony regarding the number of other jobs available because the number of jobs identified by the VE did not comport with the Occupational Employment Statistics ("OES") from the Bureau of Labor Statistics. As the Commissioner asserts in his Notice of Supplemental Authority (Doc. 23), however, the Eleventh Circuit recently considered that exact argument and rejected it. *See Webster v. Comm'r of Soc. Sec.*, 773 F. App'x 553 (11th Cir. 2019) (*per curiam*). Upon consideration, the Eleventh Circuit succinctly stated:

> The VE's testimony—based on his own experience of having completed supervisor surveys for the specific jobs for which he found Webster qualified, his knowledge of the industry, and the Dictionary of Occupational Titles ("DOT")—constituted "substantial evidence" that there were a significant number of jobs that existed in the national economy that Webster could perform. Webster's argument that the Standard Occupational Classification ("SOC") code job numbers reported by the Bureau of Labor Statistics demonstrate that the VE's testimony was unreliable is unavailing. First, during the hearing, Webster did not question the VE's qualifications and the questions he posed to the VE did not address his present concerns about the reliability of the VE's testimony. Moreover, the VE's testimony indicated that he relied on his own experience of surveying employers as well as the DOT. The VE properly considered the hypothetical scenario that the ALJ presented concerning an individual with the same impairments as Webster.
>
> Further, to the extent that Webster argues that the ALJ was required to independently verify a VE's testimony, we have held that the ALJ is only required to do so when there is a conflict between the VE's testimony and the DOT. Here, the conflict is between the number of available jobs the VE reported and the number of available jobs shown in the figures provided by the Bureau of Labor Statistics through its publication of the Occupational Employment Statistics ("OES"). Unlike the situation in which the VE's testimony conflicts

9

> with the DOT, this Court has not placed an affirmative duty on the ALJ to independently investigate a conflict between the VE's testimony and job availability figures provided by the Bureau of Labor Statistics in the OES. Furthermore, the figures in the OES are not part of the SSA's regulatory scheme. Accordingly, because substantial evidence supports the ALJ's finding that Webster was not disabled, we affirm.

*Id.* at 555-56 (internal citations omitted).

The facts in this case parallel those in *Webster*. Namely, Plaintiff did not question the VE's qualifications during the hearing nor pose questions to the VE to address her present concerns regarding the reliability of the VE's testimony (Tr. 54-96). Further, upon questioning by the ALJ, the VE indicated that her opinion was consistent with the DOT, except for a variation to address hybrid jobs and sit/stand options, which the DOT does not address (Tr. 93). The VE indicated that her opinion was therefore based upon the body of rehabilitation research and studies, the Department of Labor publications, and the VE's 33 years of experience doing direct job placement and occupational analysis in the field (Tr. 93, 303-06). Finally, Plaintiff does not argue that the VE's testimony conflicts with the DOT. Instead, Plaintiff asks the Court to adopt a rule requiring the ALJ to resolve conflicts between the VE's testimony and the figures provided by the Bureau of Labor Statistics in the OES regarding the number of jobs available. Given the sound reasoning in *Webster*, the Court declines to do so. As no affirmative duty existed requiring the ALJ to independently investigate a conflict between the VE's testimony and the job availability figures provided in the OES, Plaintiff's argument lacks merit and remand is unwarranted on that basis.

## IV.

After consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 17th day of September, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record